Submitted on Motion to Dismiss Appeal October 6, decided October 23, 1913.

## OREGON AUTO-DISPATCH v. CADWELL.*

(135 Pac. 880.)

**Appeal and Error—Parties—Death.**

1. Under Section 38, L. O. L., providing that no action shall abate by death, but the court may, on motion, allow the action to be maintained by or against decedent's personal representatives, the death of a party suspends the action until order is made continuing it against the representatives, and the court has no jurisdiction of the representatives until substitution and notice to them, and the period of such

*As to the effect of client's death on attorney's authority to proceed with suit, see note in 34 L. R. A. (N. S.) 1189.     REPORTER.

suspension is not a part of the time within which an appeal may be taken.

**Abatement and Revival—Transfer of Interest.**

2. The transfer of an interest in the subject matter of the litigation does not abate the action, the case proceeding in the name of the original party, since in such case no provision for substitution is made by Section 38, L. O. L.

**Attorney and Client—Termination of Authority.**

3. The death of a party terminated the authority of his attorney, so that the attorney could not be served with notice of appeal, and the supreme court would not have jurisdiction of an appeal taken upon notice of appeal served upon such attorney.

From Multnomah: HENRY E. MCGINN, Judge.

Department 2. This is an action by the Oregon Auto-Dispatch against W. A. Cadwell and Elizabeth M. Cadwell, as administrators of the estate of Cornelia Burkhart, deceased. Defendants move to dismiss plaintiff's appeal.    DISMISSED.

*Cake & Cake,* for the motion.

*Reed & Bell* and *Mr. Alfred P. Dodson, contra.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. This action was begun against Cornelia Burkhart, and judgment was rendered against her on February 17, 1913. She died on June 17, 1913, and on June 24th, W. A. Cadwell and Elizabeth Cadwell were duly appointed administrator and administratrix of the estate of Cornelia Burkhart. On July 10th notice of appeal was served upon the attorney who represented the defendant in the action, being entitled Oregon Auto-Dispatch, a Corporation, v. Cornelia Burkhart. On July 30th, by order of the Circuit Court, said administrator and administratrix were substituted as defendants in said action in lieu of Cornelia Burkhart, deceased. On the 19th day of

September, defendants moved the court to dismiss the appeal for the reason that no notice of appeal had been served on defendants, or either of them. Section 38, L. O. L., provides: "No action shall abate by the death, marriage, or other disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue. In case of the death, marriage or other disability of a party, the court may, at any time within one year thereafter, on motion, allow the action to be continued by or against his personal representatives or successors in interest." This is one of the actions that survives the death of the party: See Sections 378, 379, L. O. L. And personal representatives may be substituted as defendants in such an action, but the action is suspended by the death of the party until an order is made by the court continuing the action against the representatives, and the time during such suspension is no part of the time within which an appeal may be taken: *Dick* v. *Kendall,* 6 Or. 166; *McBride* v. *Northern Pac. R. R. Co.,* 19 Or. 64 (23 Pac. 814).

Mr. Justice McBRIDE, in *Young's Estate,* 59 Or. 348 (116 Pac. 1060, Ann. Cas. 1913B, 1310), after stating the effect of Section 38, L. O. L., in suspending the suit until substitution, says: "It is conceived that such suspension has the same temporary effect on the rights of the parties as though the suit were actually abated, that neither party can move in the case until a substitution is ordered, and that during the interval * * the disabilities of either party remain the same as at common law." Therefore the court has no jurisdiction of the estate, or of its representatives until the substitution is made and notice given to them.

2. The rule is different in regard to the transfer of an interest in the subject of litigation. In such a case the action does not abate, and the case may proceed

in the name of the original party. The statute does not provide for substitution in such a case: See *Burns* v. *Kennedy*, 49 Or. 588 (90 Pac. 1102); *Culver* v. *Randle*, 45 Or. 491 (78 Pac. 394); *Fildew* v. *Milner*, 57 Or. 16 (109 Pac. 1092).

3. The case before us is an attempt to bring defendants into this court upon appeal without service of notice thereof. There can be no notice to a deceased person. The death terminated the authority of the attorney, and this court has no jurisdiction of the appeal. The appeal is dismissed.                    DISMISSED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE MCNARY concur.

————————

Motion to Dismiss Appeal denied May 27, 1913.