Argued January 6, affirmed February 10, 1920.

# UTAH–IDAHO SUGAR CO. *v.* LEWIS, SHERIFF.

### (187 Pac. 590.)

**Parties—Error in Substitution of Sheriff's Successor as Defendant Waived by Answering and Seeking Affirmative Relief.**

1. In a replevin action brought against the sheriff, an order of substitution of the sheriff's successor in office as defendant if erroneous was waived by defendant by answering and seeking affirmative relief.

**Pleading—Answer may Aid Complaint as Against Demurrer.**

2. In a replevin action against a sheriff, wherein the sheriff demurred, and the sheriff's successor in office was substituted as defendant, although the complaint was not amended, the substituted defendant by voluntarily answering and supplying all the allegations lacking in the complaint thereby made the complaint good.

**Attachment—Deed Record of Real Estate and Personalty Admissible to Show Plaintiff's Purchase of Property Replevied.**

3. In a replevin action brought against the sheriff for property, including a tractor and automobile attached, a deed record disclosing a conveyance to plaintiff of the property was admissible to prove the purchase of the property by him, notwithstanding that the date of transfer and recording was subsequent to that of the attachment, and that the instrument was recorded in the deed record.

**Evidence—Letter Signed by Vice-president Inadmissible Where No Authority Shown.**

4. In a replevin action against sheriff to recover a tractor and an automobile which had been attached, a letter signed by the vice-president of the company from which plaintiff had purchased the property, proposing the organization of a corporation to become a binding contract upon acceptance, was not admissible to show ownership of the property by the judgment debtor in the attachment suit; there being no evidence of the vice-president's authority.

**Appeal and Error—Refusal of Continuance not Considered Where Bill of Exceptions Did not in Terms Show that Continuance was Asked.**

5. In replevin against sheriff for an automobile and tractor, an assignment of error for refusing a continuance until the minutes of the company from which plaintiff had purchased the property could be obtained could not be considered where bill of exceptions did not show in terms that continuance had been asked.

**Appeal and Error — Bill of Exceptions must be Accompanied by Authenticated Transcript of Testimony to Review Directed Verdict.**

6. Assignments of error based on rulings relative to motions for nonsuit and directed verdict will not be considered where the transcript of the testimony, although certified by the court reporter, is not attached to the bill of exceptions, and is not authenticated by the trial court.

**Appeal and Error—Assignments of Error in Denying New Trial Insufficient Where Proceedings on Motion are not Authenticated.**

7. Where an assignment of error based on denial of a motion for new trial is supported in the record only by a copy of the motion for new trial, to which are attached copies of certain affidavits and exhibits which are in no way authenticated except by the certificate of one of defendant's attorneys, with no record of rulings by the court or any counter-affidavits or other appearance by the plaintiff, or evidence as to whether the motion was filed within the statutory time, it will not be considered on appeal.

From Josephine: FRANK M. CALKINS, Judge.

Department 1.

This is an action in replevin.   The complaint charges the wrongful taking and detention of the property to have been accomplished by Will C. Smith, who is the only person named as defendant.

To this complaint a demurrer was filed upon the ground that it does not state facts sufficient to constitute a cause of action.   Thereafter, and before any hearing was had upon the demurrer, the plaintiff filed a motion wherein it was sought—

"To substitute George W. Lewis, as sheriff of Josephine County, in lieu of the defendant Will C. Smith, as such sheriff, for the reason the term of office of the said Will C. Smith expired January 1, 1917, and the

95 Or.—15

said George W. Lewis ever since has been, and now is, the duly elected, qualified, and acting sheriff of Josephine County, Oregon."

This motion was allowed, and an order of substitution duly entered. The complaint was never amended to adjust the allegations to the change of defendants. Thereafter the demurrer filed by the original defendant, Smith, was argued and submitted and by the court overruled. In the meantime, and while Smith was still sheriff, the plaintiff had obtained possession of the property by claim and delivery proceedings. Thereafter the defendant Lewis filed an answer wherein, after some admissions and denials, he pleads affirmatively, *inter alia,* that Will C. Smith, at the time of the alleged wrongful taking of the property, was the sheriff of Josephine County; that he had taken the chattels in his official capacity, by virtue of a valid writ of attachment, and that on January 1, 1917, Lewis had succeeded him as sheriff, and prayed for a return of the property or its value, to him as such sheriff.

The reply admits the official capacity of Smith and Lewis, but denies the allegations upon which defendant bases his claim for affirmative relief. A trial was had, wherein the court directed a verdict for plaintiff, and entered judgment thereon, and defendant appeals.

AFFIRMED.

For appellant there was a brief over the name of *Messrs. Colvig & Williams,* with an oral argument by *Mr. Fred A. Williams.*

For respondent there was a brief and an oral argument by *Mr. H. D. Norton.*

BENSON, J.—1. The first assignment of error challenges the propriety of the court's action in ordering

the substitution of Lewis as defendant in the action. If, in the first instance, there was any merit in this contention, the defendant by answering and seeking affirmative relief, has made himself a proper and necessary party and waived any objection he may have had to being made a defendant: *Johnson* v. *White,* 60 Or. 611 (112 Pac. 1083, 119 Pac. 769).

2. It is next urged that it was error to overrule the demurrer to the complaint. It must be remembered that this demurrer was filed by the former defendant prior to the substitution, and as to him, it was a perfectly good complaint. It is true that this pleading was never amended, and contains no allegations which in any manner connect the defendant Lewis with the transaction narrated therein, but this defendant has voluntarily answered, and in his further and separate answer he has supplied all of the allegations which are lacking in the complaint, and the case was tried upon the issues joined by this answer and the reply thereto. It has been held in many cases that under such circumstances the answer aids the complaint and makes it good: *Turner* v. *Corbett,* 9 Or. 79; *Catlin* v. *Jones,* 48 Or. 156 (85 Pac. 515); *Treadgold* v. *Willard,* 81 Or. 658 (160 Pac. 803).

3. The next assignment is that the court erred in overruling defendant's objection to the admission of a certain deed record of Josephine County, disclosing a conveyance from the Oregon-Utah Sugar Company to the plaintiff of all of its assets, both real and personal. The record disclosed that the deed was executed June 7, 1916, filed for record January 22, 1917, and recorded January 12, 1918. We find defendant's objection to the admission of this deed stated thus, in the bill of exceptions:

"This evidence was objected to by defendant as incompetent on account of the dates shown of transfer and recording being subsequent to date of attachment, also the volume being the Deed Record could not impart any notice of transfer of personalty and that the tractor and auto attached not named in the list of property transferred."

The property in question was attached by Sheriff Smith on June 24, 1916, seventeen days after the execution of the deed in question. It does not appear that it was offered for the purpose of imputing notice to the defendant of plaintiff's claim of ownership, but simply as evidence of the ultimate fact that plaintiff had purchased the property prior to the levy of attachment. The language of the deed, so far as it relates to the personal property, reads thus:

"Also, all other lands, tenements, hereditaments and appurtenances and all and singular the goods, chattels, money, choses in action, all contracts and property, real, personal and mixed of every name, nature and description whatsoever now owned by the said Oregon-Utah Sugar Company, and wherever the same may be situate."

There was other evidence tending to show that the tractor and automobile involved herein had been owned by the Oregon-Utah Sugar Company, and the defendant himself contended that the debtor for whose debt it had been attached, had acquired title from the same source. The evidence was clearly admissible, as tending to prove the purchase of the property by plaintiff.

4. For the purpose of showing ownership of the property in the judgment debtor in the action wherein the attachment was issued, defendant offered in evidence a writing which was in form a letter signed by the vice-president of the Oregon-Utah Sugar Company, addressed to W. W. Harmon and A. A. Flynn, in which

it was proposed that the latter should at once organize a construction corporation which should undertake the construction of all the improvements contemplated by the Sugar Company, upon the terms therein specified. It also suggested that when the parties to whom the letter was addressed should sign their acceptance of its terms, it should be a binding contract. Paragraph 6 of this writing is as follows:

"To encourage the incorporation of the construction company on a substantial basis, the sugar company will subscribe for five thousand dollars of the proposed twenty-five thousand dollars of capital stock of the proposed construction company, and the sugar company will turn over to the construction company immediately, as part payment of said five thousand dollar subscription, two automobiles, one caterpillar tractor engine, and plows, and such other construction equipment as it now has on hand. The amount credited on such subscription shall be the actual cost of such equipment as is turned over."

To this offer the plaintiff objected upon the ground that it was not shown that the vice-president of the Sugar Company had any authority to enter into such contract. There is no evidence in the bill of exceptions showing that such construction company was ever incorporated or that any stock subscription was ever made, or that the vice-president was authorized to execute such agreement, or that it was ratified by the Sugar Company. It is said in 10 Cyc. 922, that:

"There is no office pertaining to a private corporation about which both the statute and case-made law have so little to say as that of vice-president. The etymology of the term would indicate that the officer has no functions to perform other than those of an ordinary director, except in case of the absence, disability, or death of the president, when he acts in his stead, pre-

siding at the meetings of the board of directors and performing the other functions of the office.''

It is true, that the vice-president signs the instrument in the following style:

"Oregon-Utah Sugar Company,
"By Geo. E. Sanders, Vice-President & Manager.''

But without some evidence of his authority, in either capacity, to encourage the organization of an independent corporation, and to subscribe for its capital stock, an instrument like the one offered would not be competent evidence, since the court cannot presume that acts of the peculiar sort set out are within the implied powers of the manager: *Wilson* v. *Investment Co.*, 80 Or. 233 (156 Pac. 249).

5. The next assignment is that the court erred—

"In refusing the defendant continuance until the minutes of the Oregon-Utah Sugar Company could be produced by Mr. Alex Nibley, secretary of said corporation.''

This subject is not discussed in defendant's brief, nor do we find in the bill of exceptions any application for a continuance. All that we find is this:

"The court sustained the objection to the admission of the instrument [referring to the letter which we have just discussed] but permitted it to be identified for the purpose of the exception of the defendant. The defendant thereupon demanded the minutes and resolutions of the board of directors of the Oregon-Utah Sugar Company covering this transaction, from Alexander Nibley, secretary of the Oregon-Utah Sugar Company, and the same were not produced.

"The defendant being taken by surprise and the agreement being regular on its face as to the Southern Oregon Construction Company and as to the Oregon-Utah Sugar Company, an exception was taken to

the court's ruling by the defendant and exceptions allowed.''

This does not suggest that a continuance was desired.

6. The remaining assignments of error refer to the rulings of the court in regard to motions for nonsuit and directed verdict.   These questions direct our attention to the condition of the bill of exceptions, which, in this case does not contain all of the evidence which was submitted upon the trial.   The certificate of the trial judge reads as follows:

"I, F. M. Calkins, Circuit Judge of the First Judicial District of Oregon, do hereby certify that the foregoing bill of exceptions was settled before and by me, and that the same contains a statement of the evidence and questions and answers of all of the material parts of the testimony offered in behalf of the plaintiff in said action and all the substance and material parts of the testimony offered in behalf of the defendant in said action, except that various material items of evidence bearing on the exceptions taken are not set forth herein, but the same are contained in the transcript of all the evidence as certified by F. Roy Davis, official court reporter, and in the various documentary and other exhibits offered in evidence in the trial and by said court reporter duly marked and identified, and that the exhibits referred to in said bill of exceptions as set forth herein are true and correct copies of the exhibits offered and received in evidence, but not all of them, and other exhibits bearing on the point of the various exceptions being either set forth in the complete transcript of the testimony or filed with the same, and that the objections and motions and the rulings thereon are herein correctly set forth, and that the foregoing contains all of the bill of exceptions in the above-entitled action as settled and allowed this 8th day of July, One Thousand Nine Hundred and Eighteen.''

There is what purports to be a transcript of the testimony taken in the case, certified by the court reporter,

but it is not attached to the bill of exceptions, and is not authenticated by the trial court. In the case of *Thomsen* v. *Giebisch, ante,* p. 118, (186 Pac. 10), decided by this court on January 6, 1920, the questions presented by the appeal arose upon the rulings of the trial court upon motions for nonsuit and directed verdict. The bill of exceptions did not contain all of the evidence taken upon the trial, but a transcript of the testimony, certified by the official court reporter, was physically attached to the bill of exceptions. In a well-considered opinion, citing many authorities, whose argument it is not necessary to reiterate here, this court held that the questions of nonsuit and directed verdict were not presented in such a manner as to permit their consideration upon appeal. The opinion in that case concludes with these words:

"For reasons indicated, however, and for lack of authentication of the report of the testimony by the trial judge, the bill of exceptions in the record is not sufficient to raise the questions involved in the motions already mentioned."

7. Finally, it is urged that the court erred in denying defendant's motion for a new trial. Upon this assignment, the only thing to be found in the record is what appears to be a copy of a motion for a new trial, to which are attached copies of certain affidavits and exhibits, but these are in no way authenticated other than by the certificate of one of defendant's attorneys. We find no record of any ruling by the court or any counter-affidavits or other appearance by the plaintiff, or any evidence as to whether or not the motion was filed within the statutory time. In this state of the record, the matter cannot be considered by us. The judgment is affirmed.                                    AFFIRMED.

McBRIDE, C. J., and BURNETT and HARRIS, JJ., concur.