Argued at Pendleton October 31, 1932; affirmed January 31, mandate issued May 8, 1933

## LINSTER *v.* EAST LAKE HEALTH RESORT, Inc., et al.

(18 P. (2d) 592)

*Louis E. Schmitt,* of Portland, and *Jay H. Upton,* of Bend, for appellant.

*H. H. DeArmond,* of Bend, for respondents.

KELLY, J. Plaintiff claims that defendants Atkinson, O'Neil, Meisted, Tyson, DeArmond and Bellett, as stockholders in defendant, East Lake Health Resort, Inc., a corporation, conspired to obtain control of said corporation by illegally electing a board of directors; and through the wrongful act of said board of directors in executing to defendant, O'Neil, as trustee, and permitting the foreclosure of, the mortgage in suit, accomplished the transfer of all of the assets of said defendant, East Lake Health Resort, Inc., to defendant East Lake, Inc., to the prejudice of plaintiff's right as a stockholder in said defendant, East Side Health Resort, Inc.

Defendant John Atkinson succeeded to all the rights of the mortgagees named in a chattel mortgage upon said assets, which mortgage was a prior lien thereupon to that of the mortgage in suit. After said foreclosure, said Atkinson and O'Neil, trustee, and Tyson and Meisted, cestui qui trustent, surrendered all their claims upon said assets and transferred and delivered the same to defendant, East Lake, Inc., a corporation, organized by them for that purpose, taking certificates of stock therein in consideration for their said claims.

Plaintiff seeks to have said transfer of said assets, the mortgage in suit, the decree of foreclosure thereof, the resulting sale of said assets thereupon and the election of said defendants O'Neil, Atkinson, Meisted and Tyson, as directors of said East Lake Health Resort, Inc., invalidated and set aside; and plaintiff also seeks an accounting.

It will be noted that defendant Atkinson is a necessary party hereto. Section 6-106, Oregon Code 1930. The record discloses the lamentable fact that Mr. Atkinson died before the date of the trial hereof in the circuit court. The trial was had on the 2d day of December, 1930. More than one year has elapsed since his death. There was no substitution of his personal representative as a party defendant. Such substitution should have been made within one year after his demise. Section 1-311, Ibid.

Without such substitution, the circuit court could not grant the relief plaintiff seeks (*Parker v. Badger*, 26 N. H. 466), and this court is without jurisdiction. *Oregon Auto-Dispatch v. Cadwell*, 67 Or. 301 (135 P. 880).

We have no alternative but to dismiss the appeal, and it is so ordered.

Appeal dismissed.

RAND, C. J., BEAN and ROSSMAN, JJ., concur.