Argued February 20; appeal dismissed March 12; rehearing denied
April 9, 1935

# PRUDENTIAL LOAN CO. ET AL. *v* SMITH ET AL.

(41 P. (2d) 1083, 42 P. (2d) 919)

*W. C. Bristol* and *James Cole,* both of Portland, for appellant A. C. Smith.

*John Veatch* and *J. P. Hannon,* both of Portland (Joseph, Haney & Veatch, of Portland, on the brief), for respondents Hibernia Commercial & Savings Bank and Meier & Frank Co.

*Robert J. O'Neil,* of Portland, for respondent Hanorah Murphy.

KELLY, J.   On October 13, 1926, a decree was entered herein declaring a certain instrument in the form of a deed to be a mortgage and foreclosing the same. George W. Joseph, one of the plaintiffs herein, was the grantee in said instrument and defendant A. C. Smith was the grantor. It is alleged in plaintiffs' complaint that said instrument was intended and agreed by the parties therein to be and operate simply as a mortgage of the premises described therein and as security for the payment of the claim alleged to have been transferred to the plaintiff Prudential Loan Company. In the answer of defendants, Meier & Frank Company and Jeanette Meier, it is alleged that said instrument, while on its face purporting to be a deed absolute, was in truth and in fact executed and delivered to secure the payment of the respective notes alleged to have been executed by said defendant Smith and to be held by said defendants, Meier & Frank Company and Jeanette Meier, and the claim of the Prudential Loan Company

and certain other creditors of defendant A. C. Smith; and plaintiff George W. Joseph, took title to said property and held and now holds the same as trustee to secure the payment of certain indebtedness of said A. C. Smith including the notes described in said answers and the promissory note described in plaintiffs' amended complaint.

Defendant A. C. Smith challenges the validity of said decree, which awarded judgments to said Prudential Loan Company, and to said Meier & Frank Company and the executors of the last will and testament of said Jeanette Meier and to the other defendants, and declares said deed to be a mortgage intended to secure the payment of the claims of certain of said defendants, and directs its foreclosure and the application of the proceeds of the sale of the real property described in said instrument to the payment of said judgments. The ground upon which said decree is thus questioned is that there was no service of summons upon said defendant Smith after the filing of an amended complaint, nor was said amended complaint served upon him. Moreover, the validity of each of the judgments entered in said decree is also challenged upon the ground that the court was without jurisdiction to enter them because no service was made upon Smith of the answer and cross-complaints upon which two of said judgments are based, and no answer or cross-complaint was filed or served in support of the other two of said judgments.

■ Thus it will be seen that George W. Joseph was a necessary party to this proceeding: 2 Jones on Mortgages (7th Ed.), p. 1078, section 1383, and authorities cited under note 29. The character, terms and extent of his trusteeship are directly involved. It is part of the history of this state that George W. Joseph died on the

30

16th day of June, 1930. There has been no substitution of his successor or representative as a party plaintiff. There could be no service upon him of a notice of appeal. It is obvious that his interest could be adversely affected by an order vacating and setting aside said decree. For that reason in order to give this court jurisdiction, his successor or representative should have been substituted and served with a notice of appeal: *Adams v. Kennard,* 122 Or. 84, 97 (222 P. 1092, 227 P. 738, 253 P. 1048); *Oliver v. Jordan Valley L. & C. Co.,* 143 Or. 249, 254 (16 P. (2d) 17, 22 P. (2d) 206); *Vaughn v. Kolb,* 148 Or. 491 (37 P. (2d) 435).

This court is without jurisdiction herein: *Oregon Auto-Dispatch v. Cadwell,* 67 Or. 301 (135 P. 880); *Linster v. East Lake Health Resort,* 143 Or. 63 (18 P. (2d) 592); 3 C. J. Subject, Appeal and Error, p. 1020, § 974. As to the devolution of trusteeship upon death of a sole trustee, see 65 C. J. Subject, Trusts, p. 635, section 492, and p. 675, section 537.

■ Moreover, there is nothing in the record showing that defendants Hanorah Murphy and Mrs. M. H. Morey were served with the notice of appeal herein or that they or either of them accepted, acknowledged or admitted service thereof. In fact, the notice of appeal is not addressed to defendant Morey at all. The order sought by defendant Smith would adversely affect their interests because it would vacate judgments rendered in their favor, respectively, against said Smith and set aside a decree declaring that the deed from Smith to Joseph was intended as a mortgage to secure their claims against Smith. The decree sought to be vacated recites that both of said defendants, Murphy and Morey, appeared by Mr. John C. Veatch, their attorney. The notice of appeal is addressed to defendant, Hanorah

Murphy, and to Robert J. O'Neil, her attorney. In the trial court Mr. O'Neil accepted service of the motion to vacate the decree in suit. It would seem, therefore, that both of these defendants are adverse parties, who have appeared in this suit, and that it was necessary to serve notice of appeal upon them or to secure their admission of service thereof in order to give this court jurisdiction: Section 7-503, Oregon Code 1930.

For the reasons above stated, this appeal is dismissed.

---

Petition for rehearing denied April 9, 1935

ON PETITION FOR REHEARING<br>(42 P. (2d) 919)

KELLY, J. In a petition for rehearing, appealing defendant contends that this court erred in dismissing his appeal.

■ One position he assumes is that the decree of the circuit court is void and that there can be no parties to an invalid or void judgment, there can be neither judgment creditors nor judgment debtors in such a case.

There are two defects in this argument. One is that, *prima facie,* the decree in the case at bar is a valid decree. By its order overruling defendant's motion to vacate it on the ground that it is void, the circuit court in effect declared that the decree is a valid decree. For the purpose of determining whether plaintiff Joseph was an adverse party, we are confronted with a decree wherein the extent and character of his trusteeship is determined, we are also met with appealing defendant's contention that such decree is void, and we have the record of the learned circuit court, impliedly at least, holding that said decree is not void.

At best, all we have indicating that said decree is void is appealing defendant's contention to that effect.

■ The other defect in appealing defendant's argument is that there *are* parties to the cause and necessarily they *are* parties to the record of the decree whether such decree be valid, voidable or void. The trial court can not divest a party to a cause of his relationship as a party thereto either by a valid or a voidable or a void decree. The trial court merely declares the rights, duties and liabilities of the parties, or mayhap, in some instances, it may indicate that a given party has neither right, remedy, duty nor liability therein.

■ The first question affecting the proper disposition of a cause by the appellate court is whether the appellate court has acquired the right to speak (jurisdiction) concerning the course taken by the trial court. It has no such right unless all the parties, who have appeared in the trial court, and who are adverse to appellant, have been served with a notice of appeal, or have accepted service thereof.

■ Plaintiff Joseph appeared in the trial court by complaint and reply. The record discloses that he was a grantee in a deed conveying certain property, and it is alleged in the complaint that said decree was intended and agreed by the parties therein to be and to operate simply as a mortgage of said premises and as security for the payment of the debt alleged to be held, when the complaint was filed by plaintiff Prudential Loan Company. The decree declared said deed to be a mortgage, securing the payment not only of the Prudential Loan Company's debt, but also of four other debts. A sale upon execution was had and all of the property so alleged to have been held in trust by plaintiff Joseph was sold and an order confirming such sale was entered.

It is obvious that an order, directing the vacation and cancellation of said decree on the ground that it is, and ever since its rendition has been, utterly void, would place upon Mr. Joseph's representative or successor the burden or duty of establishing the nature and character of the trust. Whether further duties and liabilities would ensue on the part of Mr. Joseph's successor or representative would depend upon the ultimate result herein. It is entirely within the realm of possibility that an accounting could be required. If, upon a new trial, the court should find that the only claim secured by the deed in suit is that of the Prudential Loan Company, and it should be shown that the premises conveyed are of greater value than the amount of that claim, the grantor in said deed, namely, appealing defendant, would be entitled to an accounting from the successor or representative of Joseph for the overplus remaining after the satisfaction of said Prudential Loan Company's claim, or appealing defendant might possibly require a transfer to said defendant of a portion of the mortgaged property.

Another position assumed by appealing defendant is that we should have heard his appeal from the part of the decree declaring that the claim of the Hibernia Commercial and Savings Bank constituted a first lien on the trust property in suit. He contends that plaintiff Joseph was not concerned with this part of the decree. What we have just said applies with equal potency when we consider the result of holding that part of the decree void. If, upon a new trial of the issues with respect to that claim, it should be determined that the same was unfounded or had become unenforceable, the value of the trust estate would be augmented and the liability of the successor or representative of Mr. Joseph increased. Increasing the value of the trust

estate adversely affects the trustee by augmenting the amount for which he may be held accountable.

Defendant well says that, as the record now stands, Joseph's trusteeship is completely closed and all trust relationships completely extinguished. It follows that any order, judgment or decree which has the effect of reestablishing such relationship and of giving the right to the trustor to form new issues and demand further relief from the successor or representative of the deceased trustee would constitute a result adverse and prejudicial to such successor or representative. That being so, said successor or representative is a necessary and adverse party to this appeal.

Defendant refers to subdivision five of the opinion of this court in the case of *May v. Roberts,* 133 Or. 643, 653 (286 P. 546). There, this court approved the action of the circuit court in setting aside a fraudulent and fictitious judgment on the ground that a court could set aside its own judgment on its own motion for lack of jurisdiction to enter the judgment in the first instance. It does not approve the principle that, without having first obtained jurisdiction on appeal, an appellate court may expunge or vacate or even modify a decree or judgment of the trial court.

In the case of *Finch et al. v. Pacific Reduction Etc. Co.,* 113 Or. 670 (234 P. 296), also cited by defendant, this court reiterated the rule that a court of original jurisdiction may grant relief from a judgment which is void for want of service of process.

The case of *Western Pattern & Mfg. Co., v. American Metal Shoe Co.,* 175 Wis. 493 (185 N. W. 535, 20 A. L. R. 264), also cited by defendant, announces the same rule.

In none of these cases is the question of the jurisdiction of the appellate court involved.

The motion for rehearing is denied.