On suggestion of lack of jurisdiction September 23; dismissed and remanded
November 2, 1982

BISBEE,
*Petitioner on Review,*
*v.*
MALLICOTT,
*Respondent on Review.*

(TC A7812-19980,    CA A21061, SC 28948)

653 P2d 239

## MEMORANDUM OPINION

Plaintiff Bisbee brought several suits which were consolidated for trial in November, 1980. In this opinion we are concerned only with his action for damages for legal malpractice against Frank W. King. The trial court issued a written decision denying relief on February 12, 1981. Frank W. King died on April 13, 1981. The "Trial Judgement and Decree" was entered on April 21, 1981. A personal representative was appointed for his estate May 12, 1981. Plaintiff filed a notice of appeal on May 21, 1981, and served notice only on King's former counsel, without serving notice on defendant's personal representative or her counsel. The Court of Appeals affirmed without opinion. 58 Or App 749, 650 P2d 1098 (1982). Plaintiff now petitions this court for review.

The attorneys who represented King in the trial court filed a "suggestion of lack of jurisdiction" in both the Court of Appeals and this court, bringing to our attention that plaintiff did not ask for a substitution of parties within one year of defendant's death, as required under ORCP 34B.(2). ORCP 34B.(2) states:

"B. Death of a party; continued proceedings. In case of the death of a party, the court shall, on motion, allow the action to be continued:

"* * * *

"B.(2) Against such party's personal representative or successors in interest at any time within four months after the date of the first publication of notice to interested persons, but not more than one year after such party's death."

■ ■ When a party dies before the entry of a final order and before an appeal is taken, the decedent's personal representative should be substituted as a party, and a notice of appeal must be served on the personal representative. The appellate court has no jurisdiction of the estate or its personal representative until the substitution is made and notice given to the personal representative. *Oregon Auto-Dispatch v. Caldwell,* 67 Or 301, 303, 135 P 880 (1913). *See also Adams v. Perry,* 168 Or 132, 136, 111 P2d 838, 119 P2d 581 (1941).

■     Because plaintiff failed to substitute the personal representative as a party following the death of the defendant, neither the Court of Appeals or this court has jurisdiction. Therefore we dismiss the appeal as against defendant, Frank W. King and remand to the Court of Appeals to vacate their opinion as to the same defendant.