Argued and submitted January 22, reversed and remanded March 27, 1996

## Louise Marie CASTRO,
### Personal Representative for the Estate of Barbara Jean Borghi, Deceased,
*Appellant,*

*v.*

## Lawrence Livingston OGBURN,
*Respondent.*

### (92C-10319; CA A87239)

914 P2d 1

Michael Duane Brown argued the cause for appellant. With him on the briefs were Richard E. Slezak and Churchill, Leonard, Brown, Lincoln, Lodine & Hendrie.

Barbara L. Johnston argued the cause for respondent. With her on the brief was Larry A. Brisbee.

Before De Muniz, Presiding Judge, and Haselton, Judge, and Buttler, Senior Judge.*

BUTTLER, S. J.

Haselton, J., concurring.

---

\* Buttler, S. J., *vice* Deits, P. J.

## BUTTLER, S. J.

The issue in this case is whether the trial court erred in dismissing this action with prejudice on the day of trial because plaintiff had not substituted the personal representative of defendant,[1] who had died shortly after this action was commenced, within one year after his death, ORCP 34 B(2), even though the personal representative had voluntarily appeared in the action and had invoked the authority of the court during pre-trial discovery and appeared ready for trial on the trial date.

Plaintiff's decedent was killed when she was struck by a car driven by defendant while crossing a street pushing her infant grandson in a baby stroller. On February 20, 1992, plaintiff filed this action for wrongful death, and the record shows that defendant's attorney accepted service of the summons and complaint and that he requested that his client's deposition be taken before he filed an appearance. However, several attempts to do so were frustrated because of defendant's health. He died on March 21, 1992.

Because no appearance had been made by defendant, on June 2, 1992, the trial court entered a judgment of dismissal for lack of prosecution unless, before July 6, 1992, plaintiff filed a motion for default against the defendant or showed good cause why it should not be dismissed. After plaintiff filed a motion and affidavit explaining the situation, defendant's attorney filed an answer alleging that defendant had died and that a personal representative would be appointed in due course; the answer also responded to the complaint and asserted two separate defenses. The June 2, 1992, judgment was then vacated.

On July 29, 1992, a petition for administration of defendant's estate was filed in Washington County, alleging that the decedent died intestate with no assets and that the sole reason for opening the estate was to appoint a personal representative to be substituted as the defendant in this case. The petition was granted on August 2, 1992.

---

[1] We will refer to the deceased defendant as defendant, because he is named as the defendant in the complaint, and the parties refer to him as the defendant.

On August 11, 1992, the trial court entered an order scheduling a pre-trial conference and directing the *parties* to complete their pleadings and discovery before the conference, and directing all counsel to personally appear for a settlement/pre-trial conference and be prepared to settle the action, or make a final decision that it would not be settled. Thereafter, counsel for the personal representative of the deceased defendant invoked the authority of the court by filing numerous motions, including a Motion for In Camera Review of Lane County Records, two Motions to Compel, a Motion for Dismissal for failure to comply with an order to compel, a motion for an order to waive the statutory time required for notice of taking a deposition to perpetuate testimony, and a Motion to Quash Subpoena. After plaintiff filed an amended complaint (which named the deceased as the defendant), James Ogburn filed an answer alleging his capacity as the duly appointed and qualified personal representative of the Estate of Lawrence Livingston Ogburn. In that capacity, he served and filed an Offer of Judgment pursuant to ORCP 54 E,[2] which, by its terms, applies only to the party against whom a claim is asserted, offering to have judgment entered against him as personal representative for $25,000. The offer was not accepted.

Trial was set for December 5, 1994, and attorneys for each party submitted trial memoranda, each of which

---

[2] ORCP 54 E provides:

"Except as provided in ORS 17.065 through 17.085, the party against whom a claim is asserted may, at any time up to 10 days prior to trial, serve upon the party asserting the claim an offer to allow judgment to be given against the party making the offer for the sum, or the property, or to the effect therein specified. If the party asserting the claim accepts the offer, the party asserting the claim or such party's attorney shall endorse such acceptance thereon, and file the same with the clerk before trial, and within three days from the time it was served upon such party asserting the claim; and thereupon judgment shall be given accordingly, as a stipulated judgment. Unless agreed upon otherwise by the parties, costs, disbursements, and attorney fees shall be entered in addition as part of such judgment as provided in Rule 68. If the offer is not accepted and filed within the time prescribed, it shall be deemed withdrawn, and shall not be given in evidence on the trial; and if the party asserting the claim fails to obtain a more favorable judgment, the party asserting the claim shall not recover costs, prevailing party fees, disbursements, or attorney fees incurred after the date of the offer, but the party against whom the claim was asserted shall recover of the party asserting the claim costs and disbursements, not including prevailing party fees, from the time of the service of the offer."

described the defendant as the personal representative of the deceased defendant. On the morning of trial, the parties, with their attorneys and witnesses appeared. However, before the trial commenced, defendant presented, but did not file, a motion to substitute as a defendant Sheryl Ogburn for James Ogburn as the personal representative of the deceased defendant, stating that James Ogburn was not able to attend. Plaintiff's counsel objected, because an order excluding witnesses, other than parties, had been entered; plaintiff's counsel asked for permission to take the new party's deposition if she was to be made a party.

Defendant then made an oral motion to dismiss the action, because plaintiff had not moved to substitute the personal representative as the defendant within one year after defendant's death. After argument, the trial court ruled that it was going to allow the motion, but deferred to plaintiff's counsel's request to brief the issue. When plaintiff filed her memorandum, she also filed a motion to allow her to amend her complaint to "change the name of the Defendant on the caption to James Ogburn, and to allege his timely substitution as the defendant." It does not appear that the court ruled on that motion, but, after argument, it granted defendant's motion to dismiss pursuant to ORCP 34 B(2), for failure to substitute the personal representative of the deceased defendant within one year after his death. Judgment of dismissal with prejudice was then entered.

■ At the outset, defendant contends that this court lacks jurisdiction of this appeal, because the named defendant has died and his personal representative has not been substituted as a party defendant. Defendant relies on *Bisbee v. Mallicott*, 293 Or 797, 653 P2d 239 (1982). In *Bisbee*, one defendant died after trial but before judgment was entered. Although a personal representative was appointed for his estate before the plaintiff filed his notice of appeal, the plaintiff served notice only on the deceased's former attorney, who raised the jurisdictional question in this court and in the Supreme Court. This court affirmed without opinion. 53 Or App 749, 650 P2d 1098 (1982). The Supreme Court held that it and this court lacked jurisdiction over that defendant on appeal, because the plaintiff had failed to substitute the personal representative as a party following the death of that

party and had failed to serve the notice of appeal on his personal representative. 293 Or at 798. Accordingly, it remanded the case to this court to dismiss the appeal as to him. There was no indication that the personal representative had submitted himself to the appellate courts' jurisdiction; rather, he raised the jurisdictional question at the outset.

Here, plaintiff was not permitted to amend her complaint to substitute the personal representative as the defendant, because more than one year had transpired since the named defendant's death. Having been denied that opportunity, there would be no procedure for plaintiff to challenge that ruling if this court lacked jurisdiction to consider it. In *Mendez v. Walker*, 272 Or 602, 538 P2d 939 (1975), discussed below, the court did not question its jurisdiction to decide whether the trial court had erred in denying the plaintiff's motion to substitute the personal representative of the defendant's estate as defendant. Accordingly, we conclude that we have jurisdiction to decide that issue.

ORCP 34 B provides:

"B    In case of the death of a party, the court shall, on motion, allow the action to be continued:

"* * * * *

"B(2)    Against such party's personal representative or successors in interest at any time within four months after the date of the first publication of notice to interested persons, but not more than one year after such party's death."

The trial court agreed with defendant that the one-year limitation was a statute of limitations, relying on *Mendez v. Walker, id.* at 604. In that case, more than two years after the defendant's death, the plaintiff moved to substitute the personal representative as the defendant. The court stated that ORS 13.080(2)(b), the forerunner of ORCP 34 B(2), was the equivalent of a statute of limitations. 272 Or at 604, *citing, inter alia, Linster v. East Lake Health Resort*, 143 Or 63, 18 P2d 592 (1933); 2 Jaureguy and Love, Oregon Probate Law and Practice 178-79, § 715. Because the statute had run, plaintiff was barred from maintaining the action.

■ The defenses of lack of jurisdiction over the person or that the action has not been commenced within the time limited by statute must be asserted in a responsive pleading or by motion before pleading, ORCP 21 A,[3] or they are waived, and may not be raised by amendment. ORCP 21 G.[4] In *Mendez*, unlike in this case, there was no indication that the personal representative had appeared in the case in any manner or had otherwise submitted himself to the jurisdiction of the court. Therefore, the question whether he had waived the one-year statute of limitations was neither presented nor discussed.

Although *Utah-Idaho Sugar Co. v. Lewis*, 95 Or 224, 187 P 590 (1920), did not involve the continuation of an action after the death of a party, it did involve the trial court's order substituting Lewis as the defendant after the action against Lewis' predecessor in office was commenced. The Supreme Court stated, in response to Lewis' contention that the trial court had erred in substituting him as the defendant:

---

[3] ORCP 21 A provides in part:

"Every defense, in law or fact, to a claim for relief in any pleading, whether a complaint, counterclaim, cross-claim or third party claim, shall be asserted in the responsive pleading thereto, except that the following defenses may at the option of the pleader be made by motion to dismiss; * * *(2) lack of jurisdiction over the person * * * and (9) that the pleading shows that the action has not been commenced within the time limited by statute. A motion to dismiss making any of these defenses shall be made before pleading if a further pleading is permitted."

[4] ORCP 21 G provides in part:

"G(1) A defense of lack of jurisdiction over the person, that there is another action pending between the same parties for the same cause, insufficiency of summons or process, or insufficiency of service of summons or process, is waived under either of the following circumstances: (a) if the defense is omitted from a motion in the circumstances described in section F of this rule, or (b) if the defense is neither made by motion under this rule nor included in a responsive pleading. The defenses referred to in this subsection shall not be raised by amendment.

"G(2) A defense that a plaintiff has not the legal capacity to sue, that the party asserting the claim is not the real party in interest, or that the action has not been commenced within the time limited by statute, is waived if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof. Leave of court to amend a pleading to assert the defenses referred to in this subsection shall only be granted upon a showing by the party seeking to amend that such party did not know and reasonably could not have known of the existence of the defense or that other circumstances make denial of leave to amend unjust."

> "* * * the defendant by answering and seeking affirmative relief, has made himself a proper and necessary party and waived any objection he may have had to being made a defendant * * *."

Notwithstanding that the complaint was not amended to reflect the substitution, the court stated:

> " * * * this defendant has voluntarily answered, and in his further and separate answer he has supplied all of the allegations which are lacking in the complaint, and the case was tried upon the issues joined by this answer and the reply thereto. It has been held in many cases that under such circumstances the answer aids the complaint and makes it good * * *." (Citations omitted.)

■ Although that case is not directly on point, the principle enunciated by the court is that a person who answers a complaint and seeks relief makes himself a party to the action and waives any objection he may have had to being treated as a defendant. Here, the personal representative was appointed solely for the purpose of defending this action, participated fully in the pretrial discovery, invoked the power of the court on several occasions, filed an answer that raised no objection to his not having been substituted as the party defendant, was treated as the defendant in all pre-trial proceedings, made a formal offer that judgment be taken against him as personal representative and, on the day of trial, made an oral motion to substitute a successor personal representative as the defendant. If plaintiff had not objected to the substitution, all indications are that this case would have gone to trial against the substituted personal representative. If plaintiff had obtained a judgment against the substituted defendant, if defendant and the trial court are correct, the court would have been required to vacate it and dismiss the action because the substitution would not have been accomplished within one year after the deceased defendant's death.

Although it is true, as defendant contends, that a judgment against the deceased defendant would be meaningless, defendant's personal representative had made himself the party defendant and, by doing so, has waived the limitation on the time within which he could be substituted as the defendant and has waived any claim that the court lacks

jurisdiction over him. All that needs to be done is formally to substitute the personal representative as the defendant. Because defendant's counsel represented to the trial court on the day set for trial that a successor personal representative had been appointed for the convenience of the original personal representative, we will leave it to the parties and the trial court to decide who should be named as the personal representative of the deceased defendant.

Reversed and remanded.

**HASELTON, J.,** concurring.

I join in the reasoning and holding of the lead opinion. Although I agree that plaintiff is entitled to the relief she seeks on appeal, I write separately to condemn the gratuitously disparaging comments about the trial judge that appear throughout plaintiff's brief.

In *Computer Concepts, Inc. v. Brandt,* 137 Or App 572, 576, 905 P2d 1177 (1995), we were constrained to make a similar observation about the substance and tenor of an attorney's argument. It is necessary to do so again for the second time in less than six months. That is twice too often.