Decided 15 October, 1900.

**ROBERTSON *v.* ROBERTSON.**

[62 Pac. 377.]

PROVING PAYMENT WITHOUT HAVING SPECIALLY PLEADED IT.

Where there is an allegation of an amount due, and a denial thereof, payment may be shown without having been specially pleaded as a defense: *Clark* v. *Wick*, 25 Or. 446, distinguished.

From Multnomah :   JOHN B. CLELAND, Judge.

Suit originally between Louise Robertson and Geo. F. Robertson, in the course of which the Blake-McFall Co. was cited as garnishee.   Judgment was entered against the garnishee from which it appeals. ·      REVERSED.

For appellant there was a brief and an oral argument by *Mr. John F. Logan.*

For respondent there was an oral argument by *Mr. Harry K. Sargent,* and a brief to this effect : The denial of indebtedness raises no issue : *Willis* v. *Holmes,* 28 Or. 265–268 (42 Pac. 989). Payment is new matter and cannot be proved under a general denial : *Clark* v. *Wick,* 25 Or. 446 (36 Pac. 165) .

MR. JUSTICE WOLVERTON delivered the opinion.

This is a proceeding against a garnishee, wherein the appellant, the Blake-McFall Co., was cited to appear and answer certain allegations and interrogatories touching its indebtedness to the defendant, George F. Robertson. Among others, it is alleged "that the plaintiff is informed and believes that the said garnishee, at the time the said execution was levied as aforesaid, was indebted to the defendant, for work and service performed by the defendant at the request of said garnishee between the ——day of——, 189—, and the date of said levy, in a large sum of money, the exact amount of which is unknown to this plaintiff, but sufficient to satisfy said decree." By stipulation of the parties this allegation was considered specifically denied, and upon the issue thus formulated they went to trial. The bookkeeper of the company was called in behalf of the plaintiff, and testified, in substance, that he knew the defendant, George F. Robertson, and that he was and had been in the employ of the company for eight years immediately prior thereto, at a salary of $100 per month. Upon cross-examination the company attempted to show that it was not indebted to defendant, Robertson, on May 17, 1898, the date of the levy of the execution, in any sum, and that he had then received all sums of money earned by him while

in its employ ; but upon objection to its introduction the proof was rejected by the court. Thereafter the company made the bookkeeper its own witness, and sought to prove the same matter, with a like result. The action of the court in these particulars has been assigned as error, and gives rise to the only question which it is necessary to consider at this time.

It is urged by counsel for respondent that the testimony was not admissible under the pleadings, because it tended to prove payment,—a fact the company had neither alleged nor set up in its answer to said allegations,—and that such fact was matter of defense, which should be affirmatively alleged before it could be proved. The question was presented as one of pleading purely, and we will so treat it. Generally speaking, payment cannot be shown in defense of an action under the traverse alone, but must be specifically alleged as matter in avoidance, in order to be available : *Benicia Agl. Works* v. *Creighton*, 21 Or. 495 (28 Pac. 775, 30 Pac. 676); *Clark* v. *Wick*, 25 Or. 446 (36 Pac. 165); *McKyring* v. *Bull*, 16 N. Y. 297 (69 Am. Dec. 696). There seems, however, to be a well-settled exception to this rule. Where an allegation, not stated as a conclusion of law, is so framed that an issue is presented by the traverse upon the fact of the amount due, proof of payment is admissible without an affirmative plea in the nature of a further defense. Thus, in *Quin* v. *Lloyd*, 41 N. Y. 349, the complaint stated the amount of defendant's indebtedness to plaintiff for services performed, without showing the value or extent thereof, which was followed by an allegation to the effect that the defendant, on a day named, became indebted to plaintiff in the sum of $333.07, being the balance remaining due after sundry payments by the defendant to the plaintiff; and it was held, under a denial of the allegations, that the defendant was entitled to prove payment to the

plaintiff on account of the alleged services. So, in *Marley* v. *Smith*, 4 Kan. 155, it was alleged that at the commencement of the action the defendant was indebted to the plaintiff in the sum of $75 on an account, a copy of which was annexed, and that the same was still due; and it was held that, while proof of a set-off or counterclaim was not admissible, yet that proof of payment was, and this upon the ground that the petition merely declared the amount of defendant's indebtedness to plaintiff, without stating the facts constituting the liability. To the same effect, see Pomeroy, Code Rem. (3 ed.) §§ 699, 700 ; *Knapp* v. *Roche*, 94 N. Y. 329. The allegation which we are considering imports nothing more than that the company on the date of the levy of the execution was indebted to the defendant, Robertson, for services rendered, in a sum sufficient to satisfy the plaintiff's decree. There are no facts alleged or shown whereby the circumstance of such indebtedness could be deduced as a conclusion of law. Hence, the amount of the indebtedness being the only fact alleged by which it may be said to exist, it was traversable ; and, being traversed, it was proper to show payment under the issue thus formulated, to refute the fact of its existence. In this view of the law, the lower court was in error in rejecting the testimony offered. Its judgment will therefore be reversed, and the cause remanded for such further proceedings as may seem proper.

Reversed.

Decided 11 June; rehearing denied 13 August, 1900.