Argued April 18, reversed and remanded April 24, 1957

## HEWITT *v.* THOMAS ET AL

310 P. 2d 313

*M. P. Gallagher,* Ontario, argued the cause for ap-

pellant. On the briefs was Cecelia P. Galey, Sweet Home.

*Orval Thompson* argued the cause for respondents. On the brief were Weatherford & Thompson, Albany, and F. D. Mayer, Lebanon.

Before PERRY, Chief Justice, and LUSK, WARNER and KESTER, Justices.

KESTER, J.

This appeal presents the question of the sufficiency of the complaint in an ejectment action. No demurrer was filed, but on trial defendants objected to the introduction of any evidence on the ground that the complaint failed to allege that plaintiff or his predecessors in title had possession within ten years.* The trial court sustained the objection and entered judgment dismissing the complaint, from which plaintiff appeals.

The statutes provide for the content of a complaint in ejectment,† and this complaint followed the statutes.

---

\* ORS 12.050. "An action for the recovery of real property, or for the recovery of the possession therof [sic], shall be commenced within 10 years. No action shall be maintained for such recovery unless it appear that the plaintiff, his ancestor, predecessor, or grantor was seised or possessed of the premises in question within 10 years before the commencement of the action."

† ORS 105.005. "Any person who has a legal estate in real property and a present right to the possession thereof, may recover possession of the property, with damages for withholding possession, by an action at law. The action shall be commenced against the person in the actual possession of the property at the time, or if the property is not in the actual possession of anyone, then against the person acting as the owner thereof."

ORS 105.010. "The plaintiff in his complaint shall set forth:

"(1) The nature of his estate in the property, whether it be in fee, for life, or for a term of years; including, when necessary, for whose life and the duration of the term.

"(2) That he is entitled to the possession thereof.

"(3) That the defendant wrongfully withholds the property from him to his damage for such sum as is therein claimed.

"(4) A description of the property with such certainty as to enable the possession thereof to be delivered if there is recovery."

It alleged:

## "I

"The plaintiff now is and at all times since April 22, 1952, has been owner in fee simple and entitled to the possession of the following described premises in the City of Sweet Home, Linn County, Oregon, to-wit:

"[Property described by metes and bounds.]

## "II

"The defendants, Thomas, are now and at all times herein mentioned have been husband and wife and are now and at all times herein mentioned have been acting as the owners of said real property. The defendants, Doe, whose true names are to the plaintiff unknown, and as plaintiff is informed and believes are husband and wife, and they and each of them are now and for some time past have been in the actual possession of said premises as the tenants of the defendants, Thomas.

## "III

"The defendants and each of them do now and since April 22, 1952, have continuously and unlawfully withheld the possession of said premises from the plaintiff to plaintiff's damage in the sum of $400.00.

## "IV

"The value of rents, issues and profits of said premises from the 22nd day of April, 1952, and while the defendants have excluded the plaintiff therefrom is the sum of $390.00."

Defendants in their answer pleaded affirmatively the statute of limitations and also adverse possession, but they now contend:

"* * * that before a cause of action can be stated, it must appear from the complaint that it is not barred by the statute of limitations governing that particular case and if it appears from the com-

plaint that the statute of limitations has run, then the complaint does not state a cause of action because the action is barred.''

■ The latter portion of the quoted statement is correct, but the complaint in this case does not show on its face that the statute has run. The first portion of the statement is incorrect, as the statute of limitations is an affirmative defense that must be pleaded in the answer if the defect does not appear on the face of the complaint. ORS 12.010, 16.260 (7), 16.290 (1), 16.330. The cases relied upon by defendants, such as *DeMartini v. Hayhurst,* 154 Or 663, 62 P2d 1, were ones where it appeared on the face of the complaint that the statute had run, and it was therefore incumbent on plaintiff to plead grounds for tolling the statute.

■■ Defendants argue that the limitation period for ejectment is of a different character than that for other types of action, because the statute not only provides that the action ''shall be commenced within ten years,'' but it goes on to say that ''no action shall be maintained for such recovery unless it appears that the plaintiff * * * was seised or possessed * * * within ten years * * *.'' They contend that ''maintain'' means to ''commence,'' and ''appears'' means ''appears in the complaint.'' We cannot agree. We think that a complaint which complies with ORS 105.010 is sufficient, in the absence of facts appearing on its face which invoke the bar of limitations.

■ Defendants also argue that the passage of 10 years ''not only bars the remedy but it extinguishes the right, and vests a perfect title in the adverse holder.'' Granting that adverse possession, when all the elements are shown, operates to create a new title, it does not follow that a complaint in ejectment must negative adverse possession by the defendant. To so hold would

require us to overrule the numerous cases holding that one who claims under adverse possession must plead and prove all the elements thereof. e.g. *Reeves v. Porta,* 173 Or 147, 144 P2d 493. Defendants recognized this when they pleaded both the statute of limitations and adverse possession in their answer.

We hold that the complaint was sufficient, and the court erred in dismissing it and entering judgment for the defendants. The judgment is reversed, and the case is remanded for further proceedings.