Argued April 6, affirmed May 11, petition for rehearing
denied June 1, 1966

## PETTY *v.* EVELAND
414 P. 2d 349

*Neil A. Bennett,* Salem, argued the cause and filed briefs for appellant.

*Thomas J. Moore,* Hillsboro, argued the cause for respondent. With him on the brief was Mervin W. Brink.

Before McAllister, Chief Justice, and Perry, Sloan, Holman and Lusk, Justices.

LUSK, J.

This is an action in assumpsit to recover money. The amended complaint alleged that on or about March 28, 1962, defendant became indebted in the sum of $7,000 to Norman C. Petty, and that on or about January 1, 1963, Petty assigned the obligation to the plaintiff and that no part of it has been paid though demand has been made. The answer was a general denial.

The sole assignment of error is directed to a ruling of the court admitting certain evidence over plaintiff's objection.

For an understanding of the question a brief statement of the facts must be made. Norman C. Petty is plaintiff's former husband. In 1962 he was employed as a salesman by the defendant C. W. Eveland in the latter's business conducted under the name of Main Auto Supply. Early in 1962 Eveland and Mr. and Mrs. Petty were preparing to organize a corporation to carry on this business, and on March 27, 1962, plaintiff issued a check for $7,000 drawn on her personal account to the order of Main Auto Supply Co. The check was received by the defendant who signed and delivered to Norman C. Petty the following receipt:

"$7,000.00     Forest Grove, Ore.     March 28, 1962
"Received of Norman C. Petty at Forest Grove, Ore. the sum of $7000.00 in payment of Stock certificates for Capital Stock of Main Auto Supply to be delivered at the formation of the corporation 'Main Auto Supply'

"Signed   C  W  EVELAND
                 C. W. Eveland"

The corporation never was formed and the plaintiff received no consideration for the $7,000. Subsequently, the plaintiff and her husband were divorced and, as a part of the divorce settlement, Norman C. Petty in April, 1963, assigned the alleged indebtedness to plaintiff by executing the following assignment on the back of the receipt:

> "FOR VALUE RECEIVED, I hereby sell, assign and transfer the obligation from C. W. Eveland on the reverse side hereof unto Shirley Ann Petty.
>
> "N. C. PETTY<br>N. C. Petty"

Prior to this assignment Petty had left the defendant's employ.

Although the plaintiff testified that the money in the bank account on which the check was drawn was her own separate money, she did not bring the action on that theory, but, as we have seen, alleged that the indebtedness created by the transaction was that of the defendant to her former husband and that she acquired title to the indebtedness through the assignment.

The testimony objected to was given by the defendant and Norman C. Petty. Defendant was permitted to testify that at the time he and Petty severed their business association there were "no money obligations" between them, that there were accounts between him and Petty, that Petty owed money for things that Eveland had purchased for him and that these accounts were settled. Petty was permitted to testify that at the time he left the defendant's employ there were no unpaid obligations between him and the defendant.

The ground of the objection was that the evidence was in support of an affirmative defense which was not pleaded.

The evidence, though meager, would, if believed, show payment. The general rule is that payment must be specifically alleged as matter in avoidance in order to be available: *L. B. Menefee Lumber Co. v. MacDonald et al,* 122 Or 579, 587, 260 P 444; *Farmers' Bank v. Hunter,* 35 Or 188, 193, 57 P 424; *Clark v. Wick,* 25 Or 446, 449, 36 P 165. But this court in *Robertson v. Robertson,* 37 Or 339, 62 P 377, 82 Am St Rep 756, recognized an exception to this rule. In that case we held, in an opinion by Mr. Chief Justice WOLVERTON, that in an action on an indebtedness, where no facts are alleged showing the grounds of the indebtedness, proof of payment may be admitted under a general denial. Among the authorities cited in support of the decision was *Marley v. Smith,* 4 Kans 183, concerning which the court said in *Stevens v. Thompson,* 5 Kans 305, 311:

"In the case of Marley v. Smith, the plaintiff had chosen to risk his case upon a statement of a conclusion from facts; any fact that would show the conclusion untrue was legitimate and proper evidence under such a state of pleadings, * * *."

This expresses precisely the posture of the case at bar. The plaintiff has chosen to risk her case upon a conclusion from facts by the following paragraph of her amended complaint:

"That heretofore and on or about March 28, 1962, defendant was indebted to Norman C. Petty in the sum of $7,000.00, being funds delivered to defendant for the use and benefit of plaintiff's assignor, which sum defendant agreed to pay."

The decision in *Robertson v. Robertson* governs this

case and there was no error in overruling the plaintiff's objection.

The cases cited by the plaintiff are not in conflict with this conclusion because in all of them the facts which gave rise to the indebtedness were specifically pleaded: *Powell et al v. Sheets et al,* 196 Or 682, 251 P2d 108; *Craven v. Wright,* 114 Or 692, 236 P 1043; *Farmers' Bank v. Hunter,* supra.

The judgment is affirmed.