Argued January 5, affirmed May 31, 1968

# DILLEY, *Appellant, v.* FARMERS INSUR-
# ANCE GROUP, *Respondent.*

441 P. 2d 594

*Marvin S. Nepom,* Portland, argued the cause for appellant. With him on the brief was Ben T. Gray, Portland.

*Pat Dooley,* Portland, argued the cause and filed the brief for respondent.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, DENECKE and HOLMAN, Justices.

HOLMAN, J.

Plaintiff appeals from a judgment for defendant notwithstanding a jury verdict in favor of plaintiff in the sum of $5,000.

Plaintiff was an insured of defendant under a policy of automobile insurance. The policy provided $5,000 coverage for personal injuries sustained by plaintiff as the result of the sole fault of an uninsured motorist. She was involved in an automobile accident as the result of the sole negligence of an uninsured motorist. A few days thereafter plaintiff was visited by one of the defendant's adjusters for whom she signed a proof of claim for personal injuries and a release of defendant from further obligation under the uninsured motorist provisions of its policy for which a consideration of $100 was paid.

Plaintiff filed an anomalous complaint which was treated by the court, without objection, as an action for damages for fraud. She alleged that the release of defendant's liability under the uninsured motorist provision of the policy was taken under the guise that

she was signing an acknowledgment of a payment of money which was given to her as a means of authorizing the defendant to attempt to collect plaintiff's damages for her from the uninsured motorist. The matter was submitted to the jury on the basis that, if fraud had been committed, the measure of damages was the difference between the amount plaintiff received in settlement and that she would have received by way of settlement had the alleged false representations not been made. Though the manner in which the pleadings set forth the cause of action and the measure of damages that was submitted to the jury were somewhat novel, the nature of the cause of action and the propriety of the measure of damages is not in issue.

At the completion of the evidence defendant moved for a directed verdict on the grounds of insufficient evidence of fraud and the application of the statute of limitations. The motion was denied and the jury verdict in favor of plaintiff resulted. Defendant then moved for judgment notwithstanding the verdict on the ground that the court had erred in failing to allow its motion for a directed verdict. The motion for judgment notwithstanding the verdict was allowed on the basis that any cause of action which existed had been barred by the statute of limitations. It is our opinion that the trial court was correct.

The accident occurred on January 21, 1961. Defendant's adjuster called at plaintiff's home five days later on the 26th and in the presence of plaintiff's husband took the proof of claim and the release. The terms of the two documents were not obscure or involved and clearly showed she was making claim under the uninsured motorist provision of the policy and releasing the defendant of any further responsibility

therefor. Plaintiff admits that a copy of at least one of these documents was left with her by defendant's representative. She also admits that she retained at all times her copy of the insurance policy. She claims that she knew she had uninsured motorist coverage but did not know what it meant.

Plaintiff subsequently inquired of defendant whether defendant was making any progress in the collection of her claim from the uninsured motorist. In response to this inquiry she received a letter from defendant dated May 25, 1962, which told her that defendant had not been able to locate the uninsured motorist but that if it was able to catch up with him it would put pressure on him to make restitution. Plaintiff admits that at this time she believed that defendant was not doing anything to attempt collection for her and that collection against the uninsured motorist was a lost cause. In April of 1964, after progressive difficulty with her back and neck while working as a store clerk, defendant went to see her lawyer relative to any rights she might have, or as she expressed it: "* * * whose fault it was that I was having such pain." She testified that she recounted to her attorney what had occurred and through his advice first became aware of the fraud that had been practiced on her. This action was instituted in October of 1964, three years and nine months subsequent to the alleged fraud.

■ The statute of limitations, ORS 12.110(1), provides that an action at law for fraud must be commenced within two years of the discovery of the fraud. Discovery of the fraud means from the time the fraud was known or could have been known in the exercise of reasonable diligence. *Dixon et ux v. Schoonover*

*et ux,* 226 Or 443, 447, 359 P2d 115, 360 P2d 274 (1961);
*Linebaugh v. Portland Mortgage Co.,* 116 Or 1 at 8,
239 P 196 (1925).

The trial court thought, and we believe properly so, that as a matter of law, in the exercise of reasonable diligence the plaintiff should have discovered the alleged fraud more than two years prior to the institution of the action. Approximately two years and five months prior to the commencement of the action, in May of 1962, plaintiff admits that she became aware that defendant was making no real attempt to do the thing which she thought was their obligation under the document she signed. In the intervening time since the accident, she had continued to have physical difficulties which she says were caused by the accident. She had in her possession her policy and a copy of one of the documents which she signed. Either of the documents she signed would have indicated that she had been paid for a claim under the uninsured motorist provision of her policy and that she had not been paid to enable the defendant to prosecute a claim for her. While it can be argued that plaintiff might not be expected to understand the legal significance of the documents involved or her policy, more than two years prior to the action she knew that the defendant was not doing those things she thought it had agreed to do and, thus, she was put on inquiry concerning the nature of the documents she had executed for defendant. If inquiry had been made, she had within her possession all the information necessary to disclose the fraud she claims. Whether she exercised reasonable diligence to discover fraud is normally a question of fact for the jury but where, as here, only one conclusion can be reasonably drawn from the evidence, it becomes a question of law for the court.

*Wood et ux v. Baker et ux,* 217 Or 279, 288, 341 P2d 134 (1959); *Linebaugh v. Portland Mortgage Co., supra* at p 8.

The judgment of the trial court is affirmed.