Submitted August 28, reversed and remanded for a new trial November 6, 1978

## GUARD PUBLISHING COMPANY, *Respondent,*
### *v.*
### COOKE et al, *Appellants.*
### (No. A78-012, CA 11035)

586 P2d 101

Bernard E. Cooke, Eugene, filed the brief pro se for appellants.

Edward P. Thompson, Eugene, filed the brief for respondent. With him on the brief was Young, Horn, Cass & Scott, Eugene.

Before Schwab, Chief Judge, and Lee, Richardson, and Joseph, Judges.

LEE, J.

**LEE, J.**

Cooke, one of the defendants, appeals from a trial court judgment finding him jointly and severally liable in an action on an open account. On March 19, 1974, plaintiff and Cooke executed a contract for "bulk space" advertising to be placed with plaintiff between March 1, 1974, and February 28, 1975. Plaintiff filed this action and defendants answered with a general denial. The issue is whether the trial court erred in excluding defendant's evidence of certain payments, on the ground that defendant did not allege payment as an affirmative defense.

Before trial, plaintiff moved to exclude all testimony concerning payments made prior to March 19, 1974 (the date when the contract was executed), on the ground that payment was an affirmative defense which defendants had not pleaded. The court granted the motion; defendants objected, and there was an offer of proof of payments made to plaintiff between March 1 and 19, 1974. Cooke contends that the trial court erred in excluding evidence of those payments.

■ Plaintiff is correct in his contention that the general rule in Oregon, and in most code pleading states, is that payment must be specifically alleged as matter in avoidance in order to be available. *Petty v. Eveland,* 243 Or 556, 559, 414 P2d 349 (1966); 60 Am Jur 2d Payment § 115 (1972). This anomalous[1] rule can, however, be misleading, if it is not properly qualified.

---

[1] The general rule that payment is an affirmative defense is anomalous because it violates the more basic rule that in every action plaintiff must allege and prove breach. If the defendant must affirmatively allege and prove payment, plaintiff's obligation to prove breach by nonpayment is negated. Thus, the Oregon Supreme Court has stated that in proceedings of this character, claimant is not required to introduce proof of nonpayment in the first instance. *Littlepage v. Security S. & T. Co.,* 137 Or 559, 560-61, 3 P2d 752 (1931).

Furthermore, the anomaly would still exist even if plaintiff were required to prove nonpayment and defendant were required to prove payment because such a situation would constitute an exception to the rule that a general denial puts in issue all the material allegations of the complaint. *See Legard v. Sunlight Transformer,* 278 Or 517, 524-25, 564 P2d 1047 (1977).

■ The Oregon Supreme Court has recognized a well-settled exception to the general rule:

> "* * * Where an allegation, not stated as a conclusion of law, is so framed that an issue is presented by the traverse upon the fact of the amount due, proof of payment is admissible without an affirmative plea in the nature of a further defense. * * *" *Robertson v. Robertson,* 37 Or 339, 341, 62 P 377, 82 Am St Rep 756 (1900).

Thus, payment has been held provable under a general denial to a complaint alleging a certain balance due after various payments, *Robertson v. Robertson, supra* at 341.

In the instant case, plaintiff's complaint alleged in pertinent part:

> "The Defendants are indebted to Plaintiff in the sum of $1,975.42 *for the balance of an account* for advertising services rendered to Defendants between March 1, 1974, and November 27, 1974, the particulars of which are set out in an account filed herewith and marked Exhibit B." (Emphasis supplied.)

We conclude that the *Robertson* exception to the general rule governs this case and that, therefore, the trial court erred in granting plaintiff's motion.

Reversed and remanded for a new trial.