Argued and submitted November 7, affirmed December 17, 1986, reconsideration denied January 30, petition for review denied May 27, 1987 (303 Or 454)

## SIMPSON,
*Respondent,*

v.

## SIMPSON,
*Appellant.*

### (16-83-02801; CA A32752)

730 P2d 592

John Paul Graff, Tigard, argued the cause and filed the briefs for appellant.

Donald A. Bick, Eugene, argued the cause for respondent. With him on the brief was Bick & Monte, P.C., Eugene.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Defendant appeals from a judgment in favor of plaintiff, contending that the trial court erred in excluding testimony offered during cross-examination and in failing to instruct the jury on the Statute of Limitations. We affirm.

Plaintiff and defendant were divorced in 1977. They entered into a property settlement agreement which was incorporated into the divorce decree. In 1981, plaintiff allegedly learned that, during the divorce proceeding, defendant had failed to disclose five assets of a partnership, which defendant owned with his brother. Plaintiff subsequently filed this action, alleging deceit.

■ At trial, defendant offered testimony on cross-examination concerning plaintiff's failure to discover all of the assets of the partnership. Plaintiff objected to that line of questioning on the ground that negligence is not a defense to deceit and that the testimony therefore was irrelevant. The trial court sustained the objection. On appeal, defendant contends that the trial court erred, because the testimony was offered, not to prove negligence but to prove that plaintiff did not have a right to rely on defendant's representations.[1] Defendant did not, however, inform the trial court of the purpose for which he claims the testimony was relevant. Consequently, we conclude that it was not error to exclude it. When a court excludes evidence as irrelevant for the reason asserted by the objecting party, the proponent of the evidence may not complain on appeal, unless he has informed the trial court of its relevance. *See Transpacific Leas. v. Klineline Sand,* 272 Or 133, 146, 535 P2d 1360 (1975).

■ Defendant also contends that the trial court erred in

---

[1] The elements of deceit consist of

"(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) *his right to rely thereon;* (9) and his consequent and proximate injury." *Conzelmann v. N.W.P. & D. Prod. Co.,* 190 Or 332, 350, 225 P2d 757 (1950). (Emphasis supplied; citations omitted).

Whether there is a right to rely is a question of law. *U.S. National Bank v. Fought,* 291 Or 201, 222, 630 P2d 337 (1981).

excluding testimony offered during cross-examination concerning the discovery date of the alleged deceit and in failing to instruct the jury on the Statute of Limitations.[2] We conclude that defendant waived the limitations defense. It follows that it was not error to exclude testimony concerning the discovery date of the deceit or to refuse to instruct on the Statute of Limitations.

ORCP 19B provides that "in pleading to a preceding pleading, a party shall set forth affirmatively * * * [the] statute of limitations." Defendant failed to allege the affirmative limitations defense in his pleading to plaintiff's amended complaint. Consequently, he waived the defense. Defendant's assertion, in his motion to dismiss the *original* complaint, that it appeared from the face of the complaint that the action was time-barred does not avoid the waiver.[3] When plaintiff amended her complaint, it no longer appeared from its face that the action was time-barred. Accordingly, it was necessary for defendant to assert the defense anew in his answer to the amended complaint. *Compare* ORCP 19B and 21A(9). *See also Furrer v. Talent Irrigation District,* 258 Or 494, 518, 466 P2d 605 (1971); *Hewitt v. Thomas et al,* 210 Or 273, 276, 310 P2d 313 (1957).[4]

Affirmed.

---

[2] The applicable Statute of Limitations is ORS 12.110(1), which provides:

"An action for assault, battery, false imprisonment, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years; provided, that in an action at law based upon fraud or deceit, the limitation shall be deemed to commence only from the discovery of the fraud or deceit."

[3] Defendant cites *Dilley v. Farmers Ins. Group,* 250 Or 207, 441 P2d 594 (1968), for the opposite proposition. Although *Dilley* is procedurally similar to this case, the question of whether that defendant had waived the Statute of Limitation defense was never raised. Consequently, we conclude that it is not authoritative in this case.

[4] Defendant also contends that the trial court erred in refusing to allow him to amend his answer to include the limitations defense. This contention has no merit. *See* ORCP 21G(2).