Argued and submitted January 22, reversed and remanded February 14, 1990

TAYLOR,
*Respondent,*

*v.*

BARBECUE TIME, INC.,
*Appellant.*

(A8811-06174; CA A60649)

786 P2d 1303

Michael J. Esler, Portland, argued the cause for appellant. With him on the brief was Esler, Stephens & Buckley, Portland.

No appearance for respondent.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

GRABER, P. J.

## GRABER, P. J.

This is an action on a series of demand promissory notes, which bear the date of April 18, 1978. On November 10, 1988, plaintiff sued on the notes. He attached them to the complaint and alleged that defendant

"has made payment toward said notes on dates through October, 1981 and within six years thereafter and within the six years immediately preceding the commencement of this action * * *."

In its answer, defendant denied those allegations but did not allege the Statute of Limitations, ORS 12.080(1); ORS 12.240, as an affirmative defense.

Plaintiff moved for summary judgment. ORCP 47. He introduced an affidavit that asserted that defendant had made payments on the notes within six years before the filing of the action. Defendant opposed the motion with an affidavit from its president stating that defendant had made no payments on the notes within six years and that the items listed in plaintiff's affidavit referred only to *other* transactions. In a reply memorandum to the trial court, plaintiff argued for the first time that the timing of the payments was irrelevant, because defendant had not pled the Statute of Limitations as an affirmative defense. Defendant moved to amend its answer to assert the defense affirmatively. The trial court refused to consider defendant's evidence on the ground that the answer did not place the defense in issue, denied leave to amend, and entered a summary judgment in plaintiff's favor. Defendant appeals, and we reverse.

Defendant makes two arguments on appeal. First, it contends that no affirmative defense was required; a denial was enough, because the complaint anticipated the defense and pled facts to avoid the bar of the Statute of Limitations. Second, defendant asserts that the court erred in denying its motion for leave to amend. We agree with the first argument and need not reach the second.

Generally, a limitations defense must be pled affirmatively. ORCP 19B; ORCP 21A. Before the adoption of the Oregon Rules of Civil Procedure, an exception to the general rule provided that it was not necessary to plead the Statute of Limitations affirmatively if it appeared from the face of the

complaint that the action was barred. *Furrer v. Talent Irrigation District,* 258 Or 494, 518-19, 466 P2d 605 (1971); *Hewitt v. Thomas,* 210 Or 273, 276, 310 P2d 313 (1957). Although the rules do not contain that exception, they are not inconsistent with it, *see* ORCP 1B; ORCP 12, and we have cited *Furrer* and *Hewitt* as authority in interpreting ORCP 19B and ORCP 21A. *Simpson v. Simpson,* 83 Or App 86, 89, 730 P2d 592 (1986), *rev den* 303 Or 454 (1987). We conclude that the exception applies.

The notes demonstrated on their face that they were time-barred. For that reason, plaintiff pled additional facts to show why the action was not barred, in order to anticipate the limitations defense. *See Hewitt v. Thomas, supra,* 210 Or at 276. When a plaintiff pleads facts in avoidance of an anticipated affirmative defense that is, in itself, clear on the face of the complaint, a general denial is sufficient to join the issue. *See Guard Pub. Co. v. Cooke,* 37 Or App 9, 586 P2d 101 (1978). Defendant's denial was sufficient to plead the limitations defense. There is a genuine issue of material fact concerning the timeliness of the action, which precludes a summary judgment.

Reversed and remanded.