Argued and submitted January 15, dismissal of IIED counterclaim reversed
and remanded, otherwise affirmed February 18, petition for review denied
September 15, 2016 (360 Or 401)

Cheryl WINDORF,
*Plaintiff-Respondent,*

*v.*

Mark R. MALCO,
*Defendant-Appellant,*
*and*

CREDITORS COLLECTION SERVICE
OF LINCOLN COUNTY, INC.;
and Katie W. Scannell,
*Defendants.*

Lincoln County Circuit Court
130473; A156736

368 P3d 60

Mark R. Malco argued the cause and filed the briefs
*pro se.*

Adam C. Springer argued the cause and filed the brief for
respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge,
and Garrett, Judge.

LAGESEN, J.

**LAGESEN, J.**

Defendant appeals a general judgment in which the trial court dismissed defendant's counterclaims for unjust enrichment and intentional infliction of emotional distress (IIED) as untimely, and found in plaintiff's favor on her claims against defendant. Defendant raises a number of assignments of error. We reject all but one—defendant's challenge to the trial court's dismissal of his IIED counterclaim—without written discussion. As to that assignment of error, we conclude that the trial court erred in dismissing defendant's IIED counterclaim, because plaintiff did not properly assert her statute of limitations defense against that counterclaim in either a responsive pleading or in a motion filed before pleading and, consequently, she waived it. We therefore reverse the judgment as to the dismissal of defendant's IIED counterclaim and remand.

The facts pertinent to our review are not disputed. Plaintiff and defendant began a romantic relationship in 2004. During the course of that relationship, plaintiff loaned defendant $37,311 to pay off some of his debts. In a promissory note dated October 31, 2006, defendant promised to repay plaintiff that $37,311—with a 10 percent per annum interest rate—within three years. Defendant granted plaintiff a mortgage on defendant's property to secure the payment of that promissory note. Under that note and mortgage, defendant was required to make full payment of the debt by October 31, 2009. Defendant made four payments, totaling $6,300, on the debt, but made no additional payments after January 2009, and, in particular, did not pay off the debt in full by October 31, 2009, or any time after that date.

In February 2013, plaintiff initiated this action. She sought a judgment in her favor on the unpaid amount of defendant's debt, as well as a judgment of foreclosure on the mortgage and an order to sell the property, the proceeds from which plaintiff requested to apply to the satisfaction of her judgment. Defendant asserted counterclaims against plaintiff for unjust enrichment and IIED. In plaintiff's reply to those counterclaims, she pleaded a statute of limitations defense against the unjust enrichment counterclaim, but

did not plead a statute of limitations defense against defendant's IIED counterclaim.[1]

After filing her reply, plaintiff moved to dismiss the counterclaims under ORCP 21 A(9), arguing that defendant's unjust enrichment and IIED counterclaims were time barred. Defendant opposed the motion on the ground that plaintiff's filing of her initial reply to defendant's counterclaims precluded her from filing an ORCP 21 A motion.[2] Plaintiff conceded that defendant was right on that point and withdrew her motion to dismiss.

Plaintiff then filed a motion requesting that the court hold a preliminary hearing under ORCP 21 C[3] "to determine if [defendant's] counterclaims are time barred as shown by the pleadings under ORCP 21 [C]." Plaintiff argued that defendant's pleadings, on their face, demonstrated that his counterclaims were filed outside the applicable limitations periods and that, as a result, plaintiff was entitled to dismissal of the counterclaims as a matter of law. Defendant opposed that motion, asserting that "plaintiff's current motion is essentially another prohibited Motion to Dismiss pursuant to ORCP 21." Defendant also, with court permission, pleaded an equitable estoppel defense to the statute of limitations defenses being asserted by plaintiff.

---

[1] Plaintiff's reply, in relevant part, asserted:

"FIRST AFFIRMATIVE DEFENSE

"**(Statute of Limitations)**

"13.

"Defendant['s] unjust enrichment claim is barred, in whole or in part, because the work allegedly performed occurred more than six years prior to Malco's claim."

(Boldface in original.)

[2] On that point, ORCP 21 A states, "[a] motion to dismiss making any of these defenses [including a statute of limitations defense] shall be made before pleading if a further pleading is permitted."

[3] ORCP 21 C provides:

"The defenses specifically denominated (1) through (9) in section A of this rule, whether made in a pleading or by motion, and the motion for judgment on the pleadings mentioned in section B of this rule shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial."

The court held a hearing on plaintiff's motion, but deferred ruling on the statutes of limitations issues. Instead, the court bifurcated the trial. It tried plaintiff's claims first; because those claims were equitable, the trial was to the court. After finding in plaintiff's favor on those claims, the court determined that defendant's counterclaims were both barred by the applicable statutes of limitations. It then entered a general judgment in plaintiff's favor that, among other things, dismissed defendant's counterclaims with prejudice.

Defendant now appeals. He contends, among other things, that the trial court erred by dismissing his IIED counterclaim as time barred because plaintiff did not raise a limitations defense by pleading or motion in the manner required by ORCP 21 and, as a result, waived it. We review for legal error, where, as here, a trial court dismisses a claim as time barred based solely on the pleadings. *Macnab v. State of Oregon*, 253 Or App 511, 514, 291 P3d 758 (2012). We reverse.

As defendant points out, we have held that the defense "that [an] action has not been commenced within the time limited by statute must be asserted in a responsive pleading or by motion before pleading * * * or [it is] waived, and may not be raised by amendment" except under the narrow circumstances specified in ORCP 21 G(2).[4] *Castro v. Ogburn*, 140 Or App 122, 128, 914 P2d 1 (1996); *see Fox v. Collins*, 213 Or App 451, 460, 162 P3d 998 (2007) (explaining that parties were required to raise statute of limitations defense "by pleading it in their answer or by moving to dismiss on that basis"). Here, plaintiff did not raise her statute of limitations defense to defendant's IIED counterclaim in a motion filed before pleading or in her responsive

---

[4] ORCP 21 G(2) provides:

"A defense that a plaintiff has not the legal capacity to sue, that the party asserting the claim is not the real party in interest, or that the action has not been commenced within the time limited by statute, is waived if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof. Leave of court to amend a pleading to assert the defenses referred to in this subsection shall only be granted upon a showing by the party seeking to amend that such party did not know and reasonably could not have known of the existence of the defense or that other circumstances make denial of leave to amend unjust."

pleading.[5] As a result, she has waived it.[6] We therefore reverse the judgment as to the dismissal of defendant's IIED counterclaim and remand for further proceedings as to that counterclaim, but otherwise affirm.

Dismissal of IIED counterclaim reversed and remanded; otherwise affirmed.

---

[5] Plaintiff argues that, by including the heading "Statute of Limitations" defense in her reply to the counterclaims, she adequately pleaded the statute of limitations defense to the IIED claim as well as to the unjust enrichment claim. Assuming without deciding that a heading could be sufficient to raise a defense in some instances, it was not sufficient to do so here. The allegations under that heading pertained only to the unjust enrichment claim and did not refer to the IIED claim at all, signaling that plaintiff was raising the statute of limitations defense only as to the unjust enrichment claim.

[6] We have recognized a common-law exception to that rule, based on case law predating the adoption of the Oregon Rules of Civil Procedure. *Fox*, 213 Or App at 460 n 7; *Taylor v. Barbecue Time, Inc.*, 100 Or App 497, 499-500, 786 P2d 1303 (1990). Under that exception, a party may be excused from pleading a statute of limitations defense in a responsive pleading if it appears on the face of the complaint that an action is time barred. Plaintiff has not argued that that exception applies here, and it is not clear that it would in fact apply here, in the light of the trial court's decision to permit defendant to file a further pleading alleging that plaintiff was equitably estopped from asserting a limitations defense against either counterclaim. It also is not clear to us on close inspection that the previous common-law exception is wholly consistent with the framework set up by the Oregon Rules of Civil Procedure. We leave that question for another day.