No. 890　　　December 11, 2024　　　723

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

C.O. HOMES, LLC,
a limited liability company,
*Plaintiff-Respondent,*

*v.*

Nancy CLEVELAND,
*Defendant-Appellant.*

Deschutes County Circuit Court
20CV42900; A179141

Wells B. Ashby, Judge.

Argued and submitted November 30, 2023.

Geoffrey B. Silverman argued the cause for appellant. Also on the briefs was The Law Office of Geoffrey B. Silverman, LLC.

Anthony V. Albertazzi argued the cause for respondent. Also on the brief was Albertazzi Law Firm.

Before Shorr, Presiding Judge, Pagán, Judge, and Mooney, Senior Judge.

PAGÁN, J.

Reversed and remanded.

## PAGÁN, J.

Former tenant appeals from a limited judgment in favor of former landlord, which dismissed tenant's counterclaim for "unlawful ouster" under ORS 90.375. That limited judgment concluded that tenant's counterclaim was barred by the applicable Oregon Residential Landlord and Tenant Act's (ORLTA) one-year statute of limitations under ORS 12.125. On appeal, tenant asserts that the trial court erred in dismissing her counter-claim because landlord did not raise the statute of limitations defense in reply to tenant's unlawful ouster counterclaim and, thus, waived it under ORCP 21 G(2). We agree with tenant and conclude that, because landlord's motion was not filed as a responsive pleading or a motion before pleading, the statute of limitations defense was waived, and the trial court erred in dismissing the counterclaim. In so holding, we overrule *Taylor v. Barbecue Time, Inc.*, 100 Or App 497, 786 P2d 1303 (1990), which will be discussed below.[1] Reversed and remanded.[2]

## FACTS

We briefly summarize the relevant facts and proceedings. In 2016, tenant sought to rent a single-family home in Bend, Oregon, which was owned by landlord. The parties came to terms, tenant moved in, and then subsequently fell behind on rent and security deposit payments. Tenant's inability to stay current on rent and her alleged maltreatment of the property led to various legal disputes. In 2017, while tenant still was occupying the property, landlord filed a forced eviction and detainer (FED) lawsuit against tenant, which was brought to the Oregon Supreme Court in *C.O. Homes, LLC v. Cleveland*, 366 Or 207, 212, 460 P3d 494 (2020). In that case, the issue was whether the trial court erred in granting an ORCP 23 motion to amend

---

[1] Because this opinion overrules our existing precedent, the panel specifically advised all members of the court of the effect of its decision, but neither the Chief Judge nor a majority of the regularly elected or appointed judges referred, under ORS 2.570(5), the cause to be considered en banc.

[2] Given our disposition, we do not need to resolve tenant's other argument, which contends that her claim did not accrue until 2020, when the Oregon Supreme Court declared the underlying challenged acts to be unlawful, and therefore, the statute of limitations had not run by the time of filing. *See, e.g.*, *State v. Colgrove*, 308 Or App 441, 446, 480 P3d 1026 (2021) (not reaching additional claims because the case already was being remanded).

that was filed by landlord. *Id.* at 216 ("[T]he gravamen of the inquiry is whether allowing a pretrial amendment would unduly prejudice the opposing party."). The court ruled for tenant, concluding that "because landlord's proposed amendment substantially changed its claim for relief and prejudiced tenant, the trial court abused its discretion when it allowed landlord to attach the 30-day 'for cause' notice to its complaint."[3] *Id.* at 223.

In December 2020, after the conclusion of the FED case, landlord filed a separate lawsuit against tenant for unpaid rent and waste. In response to that new filing, tenant, in February 2021, filed a counterclaim alleging that the 2017 FED matter, which tenant won in the Oregon Supreme Court in 2020, was an unlawful ouster. A year later, in March 2022, after having filed the reply to the counterclaim, landlord filed a motion for judgment on the pleadings, arguing that tenant's counterclaim should be dismissed because it was barred by the applicable statute of limitations. In July 2022, the circuit court granted landlord's motion, concluding that tenant's counterclaim was time-barred because it was "encompassed within the broad scope" of ORLTA and the one-year statute of limitations "began to run when the alleged unlawful act occurred." Tenant now appeals the circuit court's dismissal of her counterclaim, arguing that landlord waived the statute of limitations defense under ORCP 21 G(2) because landlord did not raise the defense in reply to tenant's unlawful ouster counterclaim.[4]

## ANALYSIS

In general, the statute of limitations defense is waived unless raised in a responsive pleading or a motion before pleading, "except under the narrow circumstances specified in ORCP 21 G(2)." *Windorf v. Maldo*, 276 Or App 528, 531, 368 P3d 60 (2016). ORCP 21 G(2) provides, in relevant part:

---

[3] Notably, the Supreme Court ruled only that the trial court erred in allowing a prejudicial amendment to a complaint. The court did not rule—as tenant suggests—that the attempt to evict tenant via a lawsuit was "unlawful."

[4] The circuit court also denied tenant's motion for partial summary judgment on landlord's waste claim, because "questions of fact exist[ed]." However, tenant does not appeal the denial of her summary judgment motion. Thus, only the judgment dismissing tenant's ouster claim is at issue here.

"A defense that *** the action has not been commenced within the time limited by statute, is waived if it is neither *made by motion under this rule nor included in a responsive pleading or an amendment thereof.* Leave of court to amend a pleading to assert the defenses referred to in this subsection will only be granted on a showing by the party seeking to amend that the party did not know and reasonably could not have known of the existence of the defense, or that other circumstances make denial of leave to amend unjust."

(Emphasis added.)

In this case, landlord—after filing its responsive pleading—raised the statute of limitations defense through an ORCP 21 B motion for judgment on the pleadings. Landlord contends that the statute of limitations defense was not waived because a motion brought under ORCP 21 B is a motion "under this rule" for purposes of ORCP 21 G(2).

The question of whether an ORCP 21 B motion is a motion "under this rule" for purposes of ORCP 21 G(2) presents us with an issue of statutory construction, governed by familiar principles requiring us to examine the text and context of the statute, legislative history, and, if necessary, relevant canons of statutory construction to determine the meaning of the provision most likely intended by those who adopted it. *See State v. Gaines,* 346 Or 160, 171-72, 206 P3d 1042 (2009) (setting out principles of statutory construction); *A.G. v. Guitron*, 351 Or 465, 471, 268 P3d 589 (2011) (explaining that the rules of civil procedure are interpreted by the usual method of statutory interpretation). Included in our analysis is an examination of any prior case law interpretating the provision or provisions at issue. *Halperin v. Pitts*, 352 Or 482, 491-92, 287 P3d 1069 (2012).

ORCP 21 G(2) does not define what it means by a "motion under this rule." However, other provisions of ORCP 21 explicitly address the procedures for raising a statute of limitations defense. ORCP 21 A states, in part:

"Every defense, in law or fact, to a claim for relief in any pleading, whether a complaint, counterclaim, crossclaim, or third party claim must be asserted in the responsive pleading thereto, with the exception of the defenses

enumerated in paragraph A(1)(a) through paragraph A(1)
(i) of this rule.

"A(1)   The following defenses may, at the option of the
pleader, be made by motion to dismiss:

"* * * * *

"A(1)(i)   that the pleading shows that the action has not
been commenced within the time limited by statute.

"* * * * *

"A(2)(a) * * * A motion to dismiss asserting any of the
defenses enumerated in paragraph A(1)(a) through para-
graph A(1)(i) of this rule must be filed before pleading if a
further pleading is permitted."

Landlord's position—that a party may be able to
raise the statute of limitations defense through an ORCP 21
B motion—does not appear wholly consistent with that text.
ORCP 21 A(2)(a) specifically lays out the time period for fil-
ing a motion to dismiss asserting a statute of limitations
defense, *i.e.*, that it must be filed before pleading. By con-
trast, an ORCP 21 B motion may be made "after the plead-
ings are closed, but within such time as not to delay trial."
We are not convinced that a party may simply pick between
those two provisions, when raising a statute of limitations
defense, in order to avoid waiver under ORCP 21 G(2).

Landlord's position is also inconsistent with our
jurisprudence. We have previously stated, explicitly, that the
statute of limitations defense must be asserted in a respon-
sive pleading or motion before pleading, else the defense is
waived. *See Fox v. Collins*, 213 Or App 451, 460, 162 P3d
998 (2007) (explaining that parties were required to raise
statute of limitations defense "by pleading it in their answer
or by moving to dismiss on that basis"); *see also Castro v.
Ogburn*, 140 Or App 122, 128, 914 P2d 1 (1996) (the defense
"that [an] action has not been commenced within the time
limited by statute must be asserted in a responsive pleading
or by motion before pleading * * * or [it is] waived, and may
not be raised by amendment"). If ORCP 21 G(2) was so broad
as to include a motion made under ORCP 21 B, then it would
directly contradict these prior statements.

The legislative history likewise supports our conclusion that a party cannot raise the statute of limitations defense through an ORCP 21 B motion for judgment on the pleadings. Early drafts of ORCP 21 G(2) specifically allowed the statute of limitations defense to be raised through "a motion for judgment on the pleadings" or at trial.[5] *See* Council on Court Procedures, *Oregon Rules of Civil Procedure Promulgated by Council on Court Procedures*, December 2, 1978, Draft and Proposed Comment to Rule 21 G(2), 61 (1978). That ORCP 21 G(2) has since been amended to exclude language referencing a motion for judgment on the pleadings is revealing and leads us to conclude that a motion filed under ORCP 21 B is not the type of motion contemplated in ORCP 21 G(2) as a "motion under this rule." Rather, that language refers to the ORCP 21 A processes for raising the defense by way of a responsive pleading or a motion to dismiss made before pleading.

In the alternative, landlord also argues that the statute of limitations defense "does not need to be pleaded in a responsive pleading where, as here, it appears on the face of the counterclaim." Specifically, landlord—in opposition to tenant's argument that the statute of limitations defense must be raised in a responsive pleading or by motion before pleading—references a common-law exception that Oregon courts have previously recognized. Under that exception, a party may be excused from pleading a statute of limitations defense in a responsive pleading if it appears on the face of the complaint that an action is time barred. *See Hewlitt v. Thomas*, 210 Or 273, 276, 310 P2d 313 (1957). That exception predates the implementation of the Oregon Rules of Civil Procedure. However, in *Taylor*, we held that the common-law exception was "not inconsistent" with the rules and that it was still valid after the implementation of the Oregon Rules

---

[5] ORCP 21 G(2) originally provided:

"A defense of failure to state ultimate facts constituting a claim, a defense that the action has not been commenced with the time limited by statute, a defense of failure to join a party indispensable under Rule 29, and an objection of failure to state a legal defense to a claim or insufficiency of new matter in a reply to avoid a defense, may be made in any pleading permitted or ordered under Rule 13 B or by motion for judgment on the pleadings, or at the trial on the merits. The objection or defense, if made at trial, shall be disposed of as provided in Rule 23 B in light of any evidence that may have been received."

of Civil Procedure. 100 Or App at 500. Because landlord succeeds only if the exception applies, we must examine it independent of tenant's argument. Thus, our remaining question turns on whether we should adhere to *Taylor*, and its conclusion that the common-law exception is not incompatible with the Oregon Rules of Civil Procedure.

We do not undertake the overruling of our prior case law lightly, as adherence to considered precedent is presumptive. *Farmers Ins. Co. v. Mowry*, 350 Or 686, 697-98, 261 P3d 1 (2011). At the same time, however, we have a competing obligation to reach what we regard as a correct interpretation of a statute. *State v. Civil*, 283 Or App 395, 406, 388 P3d 1185 (2017). To balance those competing interests, we will ordinarily not overrule a previous construction of a statute unless we conclude that it is "plainly wrong." *Id.* That standard is "a rigorous standard grounded in presumptive fidelity to *stare decisis*." *State v. B. A. F.*, 290 Or App 1, 3, 414 P3d 486 (2018). And, as explained in *Civil*, we examine "the dispositive substantive issue and our precedent's consideration of that issue, so that we can appreciate the reasoning that led us to the earlier conclusion." 283 Or App at 406. That process cannot be undertaken "without an appreciation of what we did not address" in the prior case. *Id.* We would be remiss if we failed to note that tenant raised the statutory construction argument regarding the interplay between ORCP 21 G and ORCP 21 A but did not ask us to reconsider *Taylor.* However, as we noted, landlord relies on the premise articulated in *Taylor* to oppose tenant's argument, and, thus, we must confront it.

Turning to whether *Taylor* meets the "plainly wrong" standard, we begin by noting that it presents the type of case where Oregon courts are more "open to reconsidering earlier case law" because it is an earlier statutory construction in which we "failed to apply our usual framework for decision or adequately analyze the controlling issue." *Assoc. Unit Owners of Timbercrest Condo v. Warren*, 352 Or 583, 598, 288 P3d 958 (2012). *Taylor* construed the common-law exception as compatible with the Oregon Rules of Civil Procedure with virtually no analysis on that point. This was the sum of our explanation regarding the exception:

> "Generally, a limitations defense must be pled affirmatively. ORCP 19 B; ORCP 21 A. Before the adoption of the Oregon Rules of Civil Procedure, an exception to the general rule provided that it was not necessary to plead the Statute of Limitations affirmatively if it appeared from the face of the complaint that the action was barred. *Furrer v. Talent Irrigation District*, 258 Or 494, 518-19, 466 P2d 605 (1971); *Hewitt v. Thomas*, 210 Or 273, 276, 310 P2d 313 (1957). Although the rules do not contain that exception, they are not inconsistent with it, *see* ORCP 1 B; ORCP 12, and we have cited *Furrer* and *Hewitt* as authority in interpreting ORCP 19 B and ORCP 21 A. *Simpson v. Simpson*, 83 Or App 86, 89, 730 P2d 592 (1986), *rev den*, 303 Or 454, 737 P2d 1248 (1987). We conclude that the exception applies."

*Taylor*, 100 Or App at 499-500.

*Taylor* gave, at best, brief attention to the controlling issue. There was no attempt to apply the usual rules of statutory construction or to assess thoroughly the interplay between the relevant rules and statutes. Nor was there any inquiry into the legislative history. Moreover, we have not consistently agreed with the reasoning of *Taylor*, as we recently stated in *Windorf* that "it is not clear to us on close inspection that the previous common-law exception is wholly consistent with the framework set up by the Oregon Rules of Civil Procedure." 276 Or App at 531-32 n 6. That statement is difficult to reconcile with *Taylor,* which states that the exception, although not included in the rules, "is not inconsistent with [them]." 100 Or App at 499-500.

Further, as explained at length above, we have previously held that the statute of limitations defense must be asserted in a responsive pleading or motion before pleading, else the defense is waived. *See Castro*, 140 Or App at 128. That a common-law exception exists allowing the statute of limitations defense to be raised after the pleadings are closed ignores the plain language of ORCP 21 A, which requires the defense to be raised in a responsive pleading or in a motion to dismiss before pleading further. *See* ORCP 21 A(1)(i) (the defense may be made by motion to dismiss if the "pleading shows that the action has not been commenced within the time limited by statute"); ORCP 21 A(2)(a) ("[a] motion to dismiss any of the defenses enumerated in

paragraph A(1)(a) through paragraph A(1)(i) of this rule must be filed before pleading if a further pleading is permitted"). For those reasons, we conclude that *Taylor*, to the extent that it suggests that the common-law exception is not incompatible with the Oregon Rules of Civil Procedure, was plainly wrong and should be overruled.

In sum, landlord did not raise the statute of limitations defense to tenant's counterclaim for unlawful eviction in a motion filed before pleading or in a responsive pleading. As a result, landlord has waived it. We therefore reverse the judgment as to the dismissal of tenant's unlawful ouster counterclaim and remand for further proceedings.

Reversed and remanded.